**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| REGINALD HOUSTON HALL, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> BADGER CONSTRUCTION, a Domestic Corporation, a Domestic Corporation; DOES I -X; ROE CORPORATIONS I -X, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff Reginald Houston Hall ("**Mr. Houston Hall**" or "**Plaintiff**") by and through his attorneys, Jenny L. Foley, Ph.D., Esq. and Marta Kurshumova, Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

### JURISDICTION

1.  This is an action for damages brought by Plaintiff for unlawful workplace discrimination based on race, color, and/or sex and for illegal retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et. seq.; for declaratory and injunctive relief and monetary damages to redress the deprivation of right secured to the

Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1981; for violation of Nevada Revised Statute §613.330 et. seq; and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment).  Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. On or about August 29, 2018, Plaintiff initiated the process of filing a Charge of Discrimination against his former employer, the Defendant named in this action with the United States Equal Opportunity Commission ("EEOC") wherein he alleged discrimination because of his disability.

5. On or about March 28, 2019, Plaintiff received his Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted his administrative remedy on all claims pled hereunder prior to filing this action with this Court.

/ / /

## **GENERAL ALLEGATIONS**

8.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

9.  Plaintiff is a citizen of the State of Nevada and a resident of Clark County Nevada.

10. Defendant Badger Construction ("**Badger**" or the "**Company**") is a Domestic Corporation, doing business in the State of Nevada.

11. Arizona Pipeline Company ("**Arizona Pipeline**") is a Domestic Corporation, doing business in the State of Nevada.

12. Western States Contracting, Inc. ("**Western States**") is a Domestic Corporation, doing business in the State of Nevada.

13. Elmer Bowers is an individual, citizen of the State of Nevada and a resident of Clark County Nevada.

14. Plaintiff filed a complaint against Arizona Pipeline, Western States and Mr. Bowers on March 21, 2019, Case No. 2:19-cv-00487, under the Notice of Right to Sue dated December 21, 2018.

15. Defendant Badger Construction had over 50 employees at all times relevant to this matter and are therefore subject to the provisions of Title VII.

16. Plaintiff is an African-American male with a disability and thus is a member of a protected group.

## **PLAINTIFF'S EMPLOYMENT WITH ARIZONA PIPLEINE**

17. Plaintiff began his employment with Arizona Pipeline in March 2017 as a Utility Locator.

18. Immediately, Plaintiff noticed that the higher-paid positions and the positions of authority in the office and in the field were all given to Caucasian and Hispanic employees.

19. At the time of hire, Plaintiff did not possess a license for Utility Locator and Arizona Pipeline placed him in a videographer position until Plaintiff acquired the necessary

1    certification.

2    20.   In or about August 2017, Plaintiff acquired his license to be a Utility Locator but did

3          not receive a change of craft to a Utility Locator with the appropriate pay for that

4          position until four (4) months later.

5    21.   More specifically, immediately after acquiring the license, Plaintiff spoke with a

6          coordinator, Nate Powers ("**Mr. Powers**"), a White male, about his change of craft.

7    22.   Mr. Powers informed Plaintiff he had to talk to his supervisor, Nick Garza ("**Mr.**

8          **Garza**"), a Hispanic male.

9    23.   Mr. Garza did not submit a request for Plaintiff's change of craft.

10   24.   Plaintiff approached a field manager, Chase Anderson ("**Mr. Anderson**"), a White

11         male, for the change of craft.

12   25.   Mr. Anderson assured Plaintiff the change of craft was already entered.

13   26.   In fact, the change of craft had not been entered.

14   27.   Approximately two (2) to four (4) weeks later and approximately four (4) months after

15         acquiring his license, Plaintiff talked to the office manager, Jan Neally ("**Ms. Neally**").

16   28.   Ms. Neally informed Plaintiff that no one submitted a request for his change of craft.

17   29.   Ms. Neally processed Plaintiff's change of craft immediately.

18   30.   Upon information and belief, Plaintiff's supervisors failed to submit Plaintiff's change

19         of craft because of racial bias.

20   31.   Immediately after Plaintiff's official assignment to a Utility Locator, Plaintiff began

21         experiencing problems with his work hours and his overtime.

22   32.   In or about January 2018, Maria Campos, a Hispanic female, became the new office

23         manager after previously being a dispatcher with the Company.

24   33.   Ms. Campos immediately began targeting Plaintiff.

25   34.   For example, Ms. Campos told employees to park "elsewhere" within the Arizona

26         Pipeline's parking lot but required only Plaintiff to park at Lowes across the street.

27   35.   Moreover, Ms. Campos singled Plaintiff out by forbidding him to work overtime.

28   36.   Until Ms. Campos' appointment and his promotion to Utility Locator, Plaintiff had no

1    issues working overtime.

2    37.   More specifically, on multiple occasions, Ms. Campos told Plaintiff he could not work

3          overtime, she interfered with Plaintiff's overtime pay, and would not allow Plaintiff to

4          make up hours on shorter weeks.

5    38.   Upon information and belief, similarly situated Caucasian and Hispanic employees were

6          able to work overtime and were allowed to make up hours on shorter weeks.

7    39.   In or about April 2018, Plaintiff approached Ms. Campos about her interference into his

8          work hours and explained that his supervisor has been requesting he work overtime and

9          in the field.

10   40.   Ms. Campos informed Plaintiff she was following Arizona Pipeline policy and Plaintiff

11         is still not allowed to work overtime.

12   41.   Upon information and belief, there was no such policy.

13   42.   Upon information and belief, similarly situated Caucasian and Hispanic employees were

14         not subjected to the alleged policy.

15   43.   Furthermore, in or about the summer of 2018, Plaintiff spoke with Luis Hernandez

16         ("**Mr. Hernandez**"), the new coordinator, about the issues with his overtime.

17   44.   Mr. Hernandez told Plaintiff that at all times Plaintiff was classified as an office

18         employee and was ineligible for overtime pay.

19   45.   In fact, Plaintiff never worked in the office but was working predominantly in the field.

20   46.   Plaintiff's pay stub also listed his position as a Coordinator although he never worked

21         as such.

22   47.   Additionally, Plaintiff was never paid holiday pay, which he should have been entitled

23         to as an office employee.

24   48.   Upon information and belief, Arizona Pipeline used the incorrectly listed title of

25         Coordinator on his pay stubs to create issues with his overtime and his pay.

26   49.   Upon information and belief, Arizona Pipeline created issues with Plaintiff and

27         subjected him to disparate treatment because of his race.

28   50.   The issues with his pay, his work hours and the apparent disparity in treatment between

1      different employees lead Plaintiff to submit his resignation on or about July 27, 2018.

2    51.   On his last day, Plaintiff informed Arizona Pipeline that he took a position with Badger

3      Construction.

4    52.   Upon information and belief, Plaintiff experienced repeated and pervasive racial

5      discrimination by the Arizona Pipeline because Arizona Pipeline subjected him to

6      disparate treatment.

7    53.   Arizona Pipeline acted toward Plaintiff with an intent to discriminate against him based

8      on his race (African-American).

9          **BADGER CONSTRUCTION AND WESTERN STATES**

10   54.   Upon information and belief, employees of the Company informed Elmer Bowers ("**Mr.**

11      **Bowers**") at Western States about Plaintiff's new position.

12   55.   In or about May 2018, Mr. Bowers transferred from Arizona Pipeline, where he worked

13      as a supervisor, to Western States, where he took the position of a superintendent.

14   56.   Plaintiff began work for Badger Construction as a Utility Locator on July 30, 2018.

15   57.   On or about August 1, 2018, Trent Griffith called Plaintiff for a meeting and asked him

16      "Who did you piss off at Western States?"

17   58.   Plaintiff responded he did not know what Mr. Griffith was talking about.

18   59.   Mr. Griffith informed Plaintiff that he had to fire him under the direction of Western

19      States.

20   60.   Upon information and belief, Mr. Bowers sabotaged Plaintiff's job at Badger.

21   61.   Upon information and belief, Harold Lefler, who had previously interviewed Plaintiff

22      at ELM Utility Services but did not hire him because Plaintiff had a limp, also worked

23      for Western States at the time Plaintiff was hired and terminated from Badger.

24   62.   Recently, Badger Construction and Wester States merged.

25   63.   Badger Construction acted toward Plaintiff with an intent to discriminate against him

26      based on his disability.

27   / / /

28   / / /

## FIRST CAUSE OF ACTION
### (Discrimination Based on Disability in violation of State and Federal Statutes)

64. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

65. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on disability.

66. At all relevant times, Plaintiff had a qualifying disability.

67. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with reasonable accommodations for her disability.

68. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly terminating him because of his disability.

69. No other similarly situated persons, not of Plaintiff's protected class were subject to the same or substantially similar conduct.

70. Plaintiff suffered adverse economic impact due to his termination.

71. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against him.

72. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, fatigue, anxiety and depression resulting from this unlawful discrimination by his employer.

73. Plaintiff is entitled to be fully compensated for his emotional disturbance by being forced to endure this discrimination.

74. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

75. Plaintiff suffered damages in an amount deemed sufficient by the jury.

76. Plaintiff is entitled to an award of reasonable attorney's fees.

77. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of his disability.

78. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
### (Violation of the American with Disabilities Act)

79. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

80. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

81. Because Plaintiff's disability limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

82. Plaintiff was fully qualified to be a Utility Locator and could perform the essential functions of the position.

83. Defendant is a covered employer to which the ADA applies.

84. Defendant discriminated against Plaintiff's employment because of his disability.

85. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## THIRD CAUSE OF ACTION
### Unlawful Blacklists in Violation of NRS. 613.210

86. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

87. Arizona Pipeline, Western States and Badger blacklisted Plaintiff and caused him to be blacklisted with the intent to prevent him from securing similar or other employment in

1    the industry.

2    88. Plaintiff suffered a job loss and economic damages as a result.

3        **WHEREFORE,** Plaintiff prays this court for:

4        a.   A jury trial on all appropriate claims;

5    moreover, to enter judgment in favor of the Plaintiff by:

6        b.   Awarding Plaintiff an amount sufficient to fully compensate him (including tax

7             consequences) for all economic losses of any kind, and otherwise make him

8             whole in accordance with Title VII;

9        c.   General damages;

10       d.   Special damages;

11       e.   Punitive damages;

12       f.   An award of compensatory and punitive damages to be determined at trial;

13       g.   Pre and post-judgment interest;

14       h.   An award of attorney's fees and costs; and

15       i.   Any other relief the court deems just and proper.

16   Dated this 17th Day of June, 2019.

17                                          **HKM EMPLOYMENT ATTORNEYS, LLP**

18

19                                          /s/ Jenny L. Foley
                                            **JENNY L. FOLEY, Ph.D., Esq.**
20                                          Nevada Bar No. 9017
                                            MARTA KURSHUMOVA, Esq.
21                                          Nevada Bar No. 14728
                                            1785 East Sahara, Suite 300
22                                          Las Vegas, Nevada 89104
                                            Tel: (702) 577-3029
23                                          Fax: (702) 625-3893
                                            E-mail: jfoley@hkm.com
24                                          *Attorney for Plaintiff*

25

26

27

28